Randall L. GUTHRIE, et al., Plaintiffs,

v.

LADY JANE COLLIERIES, INC., a Pennsylvania Corporation, Defendant.

Civ. A. No. 81–1469.

United States District Court,
W.D. Pennsylvania.

Feb. 8, 1983.

---

R. Denning Gearhart, Clearfield, Pa., Lucinda Bush, Washington, Pa., for plaintiffs.

Thomas Smock, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, Senior District Judge.

The case at bar, before us on cross-motions for summary judgment, presents the question whether plaintiffs are entitled to overtime pay under the Fair Labor Standards Act of June 25, 1938, as amended, 29 U.S.C. 207(a)(1) or whether defendant is correct in regarding them as part of Management and exempt under 29 U.S.C. 213(a)(1). Jurisdiction for private suits by employees is given by 29 U.S.C. 216(b) to recover unpaid overtime compensation and "an additional equal amount as liquidated damages."

29 U.S.C. 213(a)(1) provides, in pertinent part:

> (a) The provisions of ... section 207 of this title shall not apply with respect to—
>
> > (1) any employee employed in a bona fide executive, administrative, or professional capacity.

As appears from the above-quoted statutory language, the exemption from the overtime pay requirement is available only if the employee is "employed in a bona fide executive, administrative, or professional capacity." The burden of demonstrating exemption rests on the defendant. *Spring v. Washington Glass Co.*, 153 F.Supp. 312, 316 (W.D.Pa., 1957).

 The term "employed" does not refer to a "paper" job title or job description, which would permit subterfuge, but requires that the employee actually be engaged in performing executive, administrative, or professional work. If so functioning in good faith, the exemption is not lost because in his spare time he performs ordinary labor of the same kind as performed by non-exempt employees. This can be illustrated by the example of the owner (or

rather manager of a corporately-owned) drug store, having full authority to purchase supplies, pay bills, employ and supervise clerical personnel, contract for janitorial or other outside services, and the like. Such bona fide executive work might well occupy only a small portion of his working day, and during rush hours or in accordance with a stated or irregular schedule he might relieve nonexempt sales personnel and serve customers just as any of his clerks might do. This is explained in 29 C.F.R. 541.103 of Regulations adopted by the Secretary of Labor in implementation of the statutory test. It is made clear in § 541.103 that while it is a useful rule of thumb in ordinary cases to say that management is the primary duty of an employee spending more than half his time in performing management functions, nevertheless time spent is not the sole test, and if the circumstances demonstrate the existence of bona fide executive authority and functions, the employee may properly be treated as exempt even if more than 50% of his time is devoted to non-exempt activities. Case law adopts the same interpretation: *Marshall v. W.U. Tel. Co.,* 621 F.2d 1246, 1249–52 (C.A.3, 1980); *Donovan v. Burger King Corp.,* 672 F.2d 221, 225–27 (C.A.1, 1982); *Rau v. Darling's Drug Store,* 388 F.Supp. 877, 881 (W.D.Pa.1975).

Just as sovereign power must at all times exist in a political state, public policy and common sense likewise dictate that someone must be "in charge" of any commercial enterprise or economic activity at all times. *American Diversified Foods v. N.L.R.B.,* 640 F.2d 893, 896 (C.A.7, 1981).

The Regulations also specify in 29 CFR 541.1 a so-called "long" six-factor test for determining exemption. However, a so-called "short" two-factor test is provided by 29 CFR 541.1(f), in the case of a "highly paid employee" [such as plaintiffs here] re-

ceiving a salary of not less than $250 per week. Such an employee qualifies if the employee's "primary duty" consists of "the management of the enterprise" and includes "the customary and regular direction of the work of two or more other employees." 29 CFR 541.119(a). There is also a provision that "Mechanics, carpenters, linotype operators, or craftsmen of other kinds are not exempt [under the short test] no matter how highly paid they might be." 29 CFR 541.119(c).

In the light of the foregoing elaboration of the statutory criteria for exemption, the status of each plaintiff must be examined as set forth in the documents of record.

Following the grouping in both briefs, we first consider plaintiffs R.L. and B.R. Guthrie, Kos, Bumbarger, and Cole. Their designation is section foremen. Each is in charge of a crew from 6 to 9 men. They assign and direct the work of the crew, make disciplinary recommendations and are responsible for the safety of men and equipment. They make all decisions in the section including whether a new man is capable of operating a machine by himself.

Section foremen work nine hours per day,[1] of which over 1⅔ hours is spent in mandatory supervisory activity not performed by the rest of the crew. "These activities include: pre-shift call out, record keeping, a pre-shift inspection, an on-shift examination, and a call out to the next shift. In addition to these daily required activities, the section foreman also performs some other supervisory tasks, including instruction and teaching, observing performance of crew members, and looking out for bad safety practices (Firment pp. 22–23). On the average, all of these supervisory activities taken together, consume 44% of a section foreman's work week. His remaining time is spent performing exactly the

---

1. According to James Hanslovan, Superintendent up to June 6, 1982, the company expected a 5½ day (or 44 hour) work week from salaried section foremen. For non-production work on Saturdays the company saved money by having more salaried workers than hourly workers on hand to take care of maintenance. (Only one supervisor was required by law to be present when hourly workers were on the job.)

same work as the other crew members." [Plaintiff's brief, pp. 4–5].

The 44% average seems clearly to be substantial enough to satisfy the 50% rule of thumb, in the light of what has been said before regarding the non-crucial character of that rule. In any event Bumbarger with 57% and Cole with 51.9% qualify. R.L. Guthrie's percentage was 47.22%, Boyd R. Guthrie's 31.65%, Kos's 33%. These are enough to establish bona fide substantial performance of management functions. The importance of such functions suffices to make them the employees' "primary duty." The section foremen are "in charge" of operation of their section of the mine during their shift. They also regularly direct the work of two or more other employees. The five section foremen qualify for exemption.

■ Plaintiff Chambers was maintenance foreman and assistant electrician. His duties were operational, like those of other mechanics, rather than executive or managerial. He did not evaluate, instruct, or discipline other mechanics; they were subject to the authority of the face boss (section foreman). Any supervisory work done by Chambers was minimal and negligible. He does not qualify as exempt.

■ Plaintiff Alvetro, though holding the title of general assistant mine foreman, performed manual labor most of the time. He exercised supervisory functions only in the absence of the mine foreman. He does not qualify as exempt.

■ Plaintiff Hamilton (like Chambers) was a maintenance foreman and electrician. However, he also served as acting assistant mine foreman and was responsible for the mine during the third shift. Being "in charge" of the operation during that time, he qualifies for exemption.

■ Although 29 U.S.C. 216(b) provides for doubling the damages, 29 U.S.C. 260 authorizes the Court in its discretion to award no additional liquidated damages if satisfied that the employer acted in good faith and upon reasonable grounds. *Rau v. Darling's Drug Store Inc.,* 388 F.Supp. 877, 886–87 (W.D.Pa.1975). Being satisfied that these conditions are fulfilled, and that the case at bar presented close questions, we praetermit liquidated damages, and also deny punitive damages. With respect to costs and counsel fees, counsel should in requesting same allocate to their claim only such items as relate to the claims of the prevailing plaintiffs Chambers and Alvetro.

## JUDGMENT

For the reasons set forth in the foregoing opinion, plaintiff's motion for summary judgment is granted with respect to plaintiffs Chambers and Alvetro, and judgment is rendered in their favor against defendants, and plaintiffs' said motion is in all other respects denied and defendant's motion for summary judgment is in all other respects granted; and

IT IS ORDERED, ADJUDGED, DECREED AND FINALLY DETERMINED that plaintiffs Thomas D. Chambers and Ray R. Alvetro have and recover against defendant Lady Jane Collieries, Inc., a Pennsylvania corporation, the amounts of $7,799.80 and $8,792.68, respectively.

AND IT IS FURTHER ORDERED, that either of said plaintiffs or defendant may move within ten days for correction of the amount of the judgment, the figures incorporated therein being derived without verification from the calculations contained in plaintiffs' brief.